IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| Curtis, et al | ) | |
| | ) | Case No: 08-cv-3527 |
| | ) | |
| v. | ) | |
| | ) | |
| Wilks, et al | ) | |
| | ) | Judge: John Z. Lee |

**ORDER**

In this case, Plaintiffs and Defendants have filed a number of motions *in limine*. "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). Rulings *in limine* avoid delay and allow the parties the opportunity to prepare themselves and witnesses for the introduction or exclusion of the applicable evidence. *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). Trial courts have broad discretion in ruling on evidentiary issues before trial. *See United States v. Chambers*, 642 F.3d 588, 594 (7th Cir. 2011); *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 426 (7th Cir. 2000). The Court will only grant a motion in limine when the evidence is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997); *Betts v. City of Chi., Ill.*, 784 F. Supp. 2d 1020, 1023 (N.D. Ill. 2011). Moreover, rulings on motions *in limine* are "subject to change when the case unfolds." *Luce*, 469 U.S. at 41; *see also Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 565 (7th Cir. 2006). Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41-42.

For the reasons stated on the record during the June 19, 2014, pretrial conference, Defendants' motions *in limine* nos. 2, 4 and 10 are denied [402] [404] [410]. Defendants have withdrawn motions *in limine* nos. 5, 6, 7, 8 and 9 [405] [406] [407] [408] [409]. With respect to Defendants' motion *in limine* to preclude Plaintiffs from introducing statements made by Judge Levinson of the Circuit Court of Cook County [475], Plaintiffs are granted leave to file a response by 6/23/14.

With respect to the motions *in limine* filed by Plaintiffs, motion *in limine* no. 1 is granted without objection [469]. As for Plaintiffs' motion *in limine* no. 2, Plaintiffs' counsel has represented that they do not intend to offer any testimony as to Mr. Curtis' character of truthfulness pursuant to F.R.E. 608. As a result, Defendants' counsel states that they no longer intend to introduce the

evidence that is the subject of the motion, and Plaintiffs' motion *in limine* no. 2 is denied as moot [470].   Plaintiffs' motion *in limine* no. 3 is denied as to attorneys' fees and granted as to the financial status of the individual defendants [471].   The specific relief requested in Plaintiffs' motion *in limine* no. 4 is granted [472]; the admissibility of the $965,000 as damages in this case is not before the Court at this time.   Plaintiffs' motion *in limine* no. 5 is denied [473].   Finally, as for the motion *in limine* filed by Defendant Oz Development (and to which the other Defendants joined) [411], the motion is granted without objection as to the statements described in Paragraphs 4, 11, 12, 14, 15, and 16 of the motion.   It is denied in all other respects.

Date:   6/23/14

John Z. Lee
U.S. District Court Judge